**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMIE TROQUILLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3934** |
| **SGT. CHARLES GRIFFITH, ET AL.** | **SECTION: "B"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jamie Troquille, a state prisoner, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Sgt. Charles Griffith, Lt. Rick Warren, Sgt. Randy Miller, Sgt. Jimmy Stringer, and Sgt. Brink Hillman. Plaintiff claims that defendants used excessive force and denied him prompt medical care for his resulting injuries.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Broadly reading plaintiff's complaint,[1] the Court finds that plaintiff's complaint should be dismissed for failing state a claim on which relief may be granted.[2]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Further, the United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Exhaustion is *mandatory* in cases covered by § 1997e(a). Porter, 534 U.S. at 524.

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated on other grounds by* Carbe v. Lappin, No. 06-40192, 2007 WL 1934882, at *1 (5th Cir. July 5, 2007). Plaintiff filed this lawsuit *in forma pauperis*.

On the face of the complaint, plaintiff expressly states that the Washington Correctional Institute (which is now properly known as the Rayburn Correctional Center) has a prison grievance procedure. He further concedes that, although he filed a grievance with respect to his claims, he had not completed all steps in the administrative remedy procedure at the time this lawsuit was filed.[3] In a handwritten explanation attached to his complaint, he states that he received a first-step response to his grievance on June 18, 2007. He further states that he was unsatisfied with that response, and so he proceeded to the second step of the procedure. However, he noted that he had not received a response on the appeal as of July 30, 2007, and so he decided to file this lawsuit.

---

[3] Complaint, p. 2.

According to the applicable administrative remedy procedure, the Secretary of the Louisiana Department of Public Safety and Corrections, who is the second-step respondent, has forty-five (45) days from receipt of a second-step appeal to issue a decision. La. Admin. Code, tit. 22, pt. I, § 325(G)(2)(a). Even in the unlikely event that plaintiff's second-step appeal was submitted and received by the Secretary on the same day plaintiff received the first-step response, i.e. June 18, 2007, the Secretary's forty-five day response deadline *had not expired* when plaintiff filed this lawsuit on July 30, 2007.[4]

"'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)), *abrogated on other grounds by* Carbe v. Lappin, No. 06-40192, 2007 WL 1934882, at *1 (5th Cir. July 5, 2007). A plaintiff's administrative remedies are not exhausted unless he has pursued the matter through *conclusion* of a multi-step administrative procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). At the time this lawsuit was filed, plaintiff's appeal was pending before the Secretary of the Louisiana Department of Public Safety and Corrections, and the Secretary's deadline for responding to that appeal had not yet expired. Therefore, at that point, plaintiff's administrative remedies were not yet exhausted. Moreover, even if the administrative procedures have since been completed and the results were adverse to plaintiff, that fact would be

---

[4] A prisoner's § 1983 complaint is considered to have been filed when he "duly submitted it to prison authorities for forwarding to the clerk of court." Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). Plaintiff's complaint was signed on July 30, 2007, and the envelope in which it was mailed was stamped "not censored" by prison authorities and metered on that same date. Accordingly, it could not have been submitted for mailing after that date. Moreover, in any event, the complaint was actually received by this Court on July 31, 2007, a date still prior to the expiration of the Secretary's response deadline.

of no moment. The PLRA "plainly requires that administrative remedies be exhausted *before* the filing of a § 1983 suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). In Wendell, the United States Fifth Circuit Court of Appeals noted:

> Absent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies be exhausted *before* the filing of suit should be imposed. To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.

Id. at 890-91 (emphasis in original) (citations omitted).

Plaintiff clearly was in the midst of the administrative procedure at the time this lawsuit was filed. To allow him to concurrently pursue a federal court challenge before the administrative review was complete would undermine the congressional intent of § 1997e(a). The United States Supreme Court has noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted). Accordingly, the instant complaint should be dismissed based on plaintiff's failure to exhaust.

The Court specifically notes that Jones v. Bock, 127 S.Ct. 910 (2007), does not dictate a different result. In Jones, the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or

5

demonstrate exhaustion in their complaints." Id. at 921.  The United States Fifth Circuit Court of Appeals has specifically held:  "Under Jones, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." Carbe v. Lappin, No. 06-40192, 2007 WL 1934882, at *1 (5th Cir. July 5, 2007); see also Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 07-2891 "B"(1), 2007 WL 1702780, at *4 (E.D. La. June 11, 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of August, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**